Filed 5/5/21  P. v. Sanchez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE ARMANDO SANCHEZ,<br><br>    Defendant and Appellant. | B307937<br><br>(Los Angeles County<br>Super. Ct. No.  BA444044-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On October 12, 2016, appellant was charged, with three co-defendants, in a three-count information with murder in violation of Penal Code section 187, subdivision (a); shooting at an occupied vehicle in violation of Penal Code section 246; and possessing a firearm as a felon in violation of Penal Code section 29800, subdivision (a)(1). The People also alleged all three charges were committed in association with, or for the benefit of, a street gang in violation of Penal Code section 186.22, subdivision (b)(1)(C) and appellant personally discharged a firearm causing injury and death within the meaning of Penal Code section 12022.53, subdivisions (b),(c) and (d).

The facts giving rise to the charges occurred on February 2, 2016, at around 2:00 a.m., when appellant, in a car with three others, shot and killed the victim who was in another car. The defendants were apprehended when they stopped their car after a lengthy high speed chase.[1]

On November 12, 2019, appellant pled no contest to second degree murder and admitted the firearm allegation as alleged under Penal Code section 12022.53, subdivision (d) and the gang allegation (with the understanding that the gang allegation would be stricken at sentencing).

On August 13, 2020, the trial court sentenced appellant to 15 years to life imprisonment on the second degree murder conviction and 25 years to life on the Penal Code section 12022.53, subdivision (d) allegation, to run consecutively, for a total of 40 years to life. The gang allegation was stricken. The court ordered a copy of appellant's *Franklin* packet to be

---

[1]     These facts are taken from appellant's probation report.

forwarded to the Department of Corrections and Rehabilitation. The remaining counts were dismissed pursuant to the plea agreement.

Appellant filed a timely notice of appeal.

On February 5, 2021, we appointed counsel to represent Sanchez on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently as required by *People v. Wende*. Counsel also declared under penalty of perjury that he had written to appellant to explain his evaluation of the record and his intention to file a *Wende* brief. He informed appellant of his right to file a supplemental brief and sent him copies of the transcripts of the record on appeal and the brief.

On March 2, 2021, we advised appellant he had 30 days within which to personally submit any contentions or issues he wished us to consider. On April 1, 2021, appellant filed a supplemental brief. In his brief appellant states he desires to withdraw his plea due to his counsel's ineffective assistance. He asserted he was told by counsel that as a youthful offender, he would only serve 15 years to life before he was eligible for a parole hearing. Now he understands that he must serve 25 years to life before he is eligible for parole.

Appellant also states his attorney told him there was no way a jury would convict him of the lesser offense of manslaughter or find credible an assertion of self-defense to the murder charge. He believes his counsel was ineffective in giving that opinion and wants to withdraw the plea because, based on his admissions to the court, he believes he has a chance to persuade a jury to convict him of a lesser offense. He attributes

3

his decision to plead no contest to his counsel's ineffective assistance.

We have examined the entire record and are satisfied Sanchez's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

As noted, appellant argues he was induced to enter the plea because his attorney misadvised him as to timing of his eligibility for parole and the odds of a jury finding him guilty of a lesser offense or acquitting him altogether.

Appellant has the burden of proving ineffective assistance of counsel. (*People v. Pope* (1979) 23 Cal.3d 412, 425.) To establish such a claim, defendant must show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's error, a different result would have been reasonably probable. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–692; *People v. Mickel* (2016) 2 Cal.5th 181, 198.) Certain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceedings. The record on appeal may not explain why counsel chose to act as they are alleged to have acted. Under those circumstances, a reviewing court has no basis on which to determine whether counsel has a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable. (*Mickel*, at p. 198.)

Moreover, we begin with the presumption that counsel's actions fall within the broad range of reasonableness, and afford "great deference to counsel's tactical decisions." (*People v. Lewis* (2001) 25 Cal.4th 610, 674.) A reviewing court will reverse a

4

conviction on direct appeal based on ineffective assistance of counsel only if there is affirmative evidence that counsel had " ' " 'no rational tactical purpose' " ' " for an action or omission. (*People v. Mickel, supra*, 2 Cal.5th at p. 198.)

Based on this record, we have no way to resolve on direct appeal the issue of counsel's effectiveness. A judgment of conviction may not be set aside on speculation. Where the record on appeal does not reveal counsel's reasons for acting or failing to act in the manner complained of, or whether counsel, indeed, acted or failed to act as alleged, the claim of incompetence of counsel must be rejected. Here, appellant's claim of ineffective assistance is more appropriately made in a petition for habeas corpus. (*People v. Pope, supra*, 23 Cal.3d at p. 428.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, J.

We concur:

BIGELOW, P.J.

GRIMES, J.